# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VIRGINIA GRAMAGLIA-PARENT, | : | |
|     Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| TRAVELERS HOME AND | : | |
| MARINE INSURANCE COMPANY, | : | No. 20-3480 |
|     Defendant. | : | |

## MEMORANDUM OPINION

**TIMOTHY R. RICE**                                                                                              December 22, 2020
**U.S. MAGISTRATE JUDGE**

Plaintiff Virginia Gramaglia-Parent has sued Defendant Travelers Home and Marine Insurance Company for breach of contract and bad faith. See Notice of Removal (doc. 1), Ex. A, Compl. Travelers moves to bifurcate the claims and stay discovery on the bad faith claim pending resolution of the breach of contract claim. See Mot. to Bifurcate (doc. 15). Having considered the motion, Gramaglia-Parent's response (doc. 16), and Travelers's reply (doc. 18), I grant the motion to bifurcate and stay the bad faith claim

    I.    Background

Gramaglia-Parent alleges that she was a passenger in a car owned and operated by her husband, Bernard Parent, when it was rear-ended by a third person on September 24, 2018. Compl. ¶¶ 4-5. She asserts she suffered numerous injuries from the accident and her damages exceed $265,000. Id. ¶¶ 8-12, 18.

Allstate Automobile Insurance insured the third-party's vehicle and tendered the policy's $15,000 limit for bodily injury coverage to Gramaglia-Parent. Id. ¶¶ 13-15. Grange Insurance

Company insured Parent's vehicle and tendered the policy's $250,000 limit for bodily injury coverage and underinsured motorist coverage ("UIM") to Gramaglia-Parent.  Id. ¶¶ 16-17.

Gramaglia-Parent has an automobile insurance policy (the "Policy") for UIM coverage with Travelers and sought coverage shortly after the accident.  Id. ¶¶ 18-22.  On February 12, 2020, Travelers denied the claim because "the vehicle Ms. Gramaglia-Parent was occupying at the time of loss is not insured under [Gramaglia-Parent's] personal automobile policy written through [Travelers]."  Id. ¶ 23.  It explained that the Policy excluded coverage for bodily injury sustained in a vehicle not insured under the Policy but available for regular use by Gramaglia-Parent or her family (the "Household Vehicle Exclusion").  Resp. to Mot. to Dismiss (doc. 6), Ex. A, 2/13/2020 Letter.  Gramaglia-Parent asked Travelers to reconsider, stating that the Household Vehicle Exclusion is contrary to Pennsylvania law.  Compl. ¶ 39; Resp., Ex. C, 5/1/2020 Letter (citing Gallagher v. Geico Indem. Co., 201 A.3d 131 (Pa. 2019); Donovan v. State Farm Mut. Auto. Ins. Co., 392 F. Supp. 3d 545 (E.D. Pa. 2019)).  On May 13, 2020, Travelers renewed its denial.  Compl. ¶ 25.

II.     Discussion

Travelers argues that I should bifurcate the breach of contract and bad faith counts, and stay discovery on the bad faith count, to avoid prejudice and enhance judicial economy.  I agree.

I have discretion to order a separate trial of one or more separate claims "[f]or convenience, to avoid prejudice, or to expedite and economize."  Fed. R. Civ. P. 42(b); see also Barr Labs., Inc. v. Abbott Labs., 978 F.2d 98, 105 (3d Cir. 1992).

Gramaglia-Parent's breach of contract claim centers on whether the Policy covers her injuries or they are excluded as a result of the Household Vehicle Exclusion.  Compl. ¶¶ 28, 32. It will depend primarily on the terms of the policy, Pennsylvania law, causation, and Gramaglia-

Parent's damages. Clapps v. State Farm Ins. Co., 447 F. Supp. 3d 293, 297 (E.D. Pa. 2020); McFarland, LP v. Harford Mut. Ins. Co., No. 18-1664, 2019 WL 3336982, at *3 (M.D. Pa. Jul. 25, 2019).

Alternatively, the bad faith claim concerns "more elusive concepts" such as Travelers' evaluation and investigation of the claim, motive, and response to Gramaglia-Parent. McFarland, LP, 2019 WL 3336982, at *3; see also Compl. ¶¶ 38, 40; Clapps, 447 F. Supp. 3d at 298 ("[b]ad faith claim concerns a frivolous or unfounded refusal to pay proceeds of a policy, evidencing a breach of a known duty (i.e., good faith and fair dealing), through some motive of self-interest or ill will"). This evidence is irrelevant to the breach of contract count. See McFarland, LP, 2019 WL 3336982, at *2 (information concerning how an insurer investigated and evaluated a claim is "simply immaterial to the issue of whether coverage is required under the policy"). Because bad faith involves allegations of unreasonable and reckless behavior and requires a higher burden of proof, it also could confuse the jury and cause prejudice to Travelers. See Polselli v. Nationwide Mut. Fire Ins. Co., 23 F.3d 747, 751 (3d Cir. 1994) ("only mere negligence on the part of the insurer is insufficient to constitute bad faith; recklessness, however, can support a finding of bad faith"); see also Terletsky v. Prudential Prop. & Cas. Ins. Co., 649 A.2d 680, 688 (Pa. Super. 1994) ("bad faith must be proven by clear and convincing evidence").

Moreover, the coverage dispute in this case will have a significant impact on Gramaglia-Parent's bad faith claim. Gramaglia-Parent has alleged some wrongful conduct by Travelers separate from the denial of coverage, such as a failure to promptly evaluate her claim and engaging in dilatory and abusive claims handling. See Compl. ¶ 38. However, most of Gramaglia-Parent's bad faith allegations relate to the coverage question. See id. (failing to act in good faith to effectuate a fair, prompt, and equitable settlement of Plaintiff's claims; refusing to

tender the Policy limits; failing to promptly offer reasonable payment to Plaintiff).  These allegations will become moot if it is determined that the Household Vehicle Exclusion applies and Travelers was not required to provide coverage to Gramaglia-Parent under the Policy.[1]  See Dunleavy v. Mid-Century Ins. Co., 460 F. Supp. 3d 602, 611 (W.D. Pa. 2020) (if an insurer properly denies coverage in accordance with the policy, then it could not have acted in bad faith by denying coverage); Live Face on Web, LLC v. Merchants Ins. Group, No. 19-528, 2020 WL 155078, at *3 (E.D. Pa. Apr. 1, 2020) ("The Court has already concluded that [Insurer] had no contractual obligation to pay any benefits under the Policy.  Therefore, its refusal to do so cannot have been unreasonable").  Similarly, if it is determined that the Household Vehicle Exclusion did not apply and Travelers breached the Policy by failing to provide coverage, the trier of fact on the bad faith claims can focus solely on Travelers' motivations and intent in denying coverage.[2]  Thus, trying the breach of contract count first will narrow the issues to be decided in the bad faith count and result in efficiency and judicial economy.

     Because I find that bifurcating the case will help avoid undue prejudice and promote judicial economy and efficiency, I grant Traveler's Motion to Bifurcate.  I also stay discovery on the bad faith claim for the same reasons.

---

[1]  Gramaglia-Parent cites cases where the court denied bifurcation because the issues were sufficiently intertwined, but those claims disputed the insurer's valuation, not whether coverage existed.  See Suscavage v. Nationwide Mut. Ins. Co., No. 05-501, 2008 WL 2278082 (M.D. Pa. Jun. 3, 2008) (denying defendant's motion to trifurcate when defendant did not dispute coverage of plaintiff's injuries); Frederick & Emily's, Inc. v. Westfield Group, No. 03-6589, 2004 WL 1925007 (E.D. Pa. Aug. 27, 2004) (denying bifurcation when defendant clearly covered the damaged property).

[2]  Gramaglia-Parent argues that I should not bifurcate on the assumption that Travelers will prevail on the breach of contract count.  See Resp. at 10 (citing Zurich Ins. Co. v. Health Systems Integration, Inc., No. 97-4994, 1998 WL 211749 (E.D. Pa. Apr. 30, 1998)).  However, any determination on the breach of contract count will help narrow the issues to be decided on the bad faith claims.  Zurich also acknowledges "some courts have seen fit to bifurcate under these circumstances."  1998 WL 211749, at *3.

An appropriate Order accompanies this Opinion.